UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RYAN HAWKINS )
)
       **Plaintiff,** )
v. ) No.: 20-cv-2193-MMM
)
NURSE PRACTITIONER DUPREE, et al., )
)
       **Defendants.** )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that he has been suffering from upper back pain since November 2019. On January 27, 2020, Plaintiff' was seen by Defendant Nurse Practitioner Dupree. Defendant Dupree prescribed a "strong pain pill" and muscle relaxers and ordered an x-ray. When Plaintiff was seen by Defendant for the x-ray two days later, Plaintiff informed him that he had not yet received the medication which had been ordered. It appears that Defendant took no action as,

1

when Plaintiff was seen by another practitioner two weeks later, he had still not received the medication.

On an unidentified date, Plaintiff spoke with a Jane Doe Nurse, complaining of the delay. The Nurse responded that things were likely slow due to the holidays. Plaintiff claims, however, that Jane Doe Nurse never documented in the record his complaints or the fact that he had not received his medication. In March and April 2020, Plaintiff spoke with Nurse Tina, complaining of extreme pain, apparently still not having received his medication. Defendant Tina indicated she would follow up, but she, too, took no action. On May 29, 2020, Plaintiff saw another nurse named "Dana" or "Donna." This individual indicated that she would look into the failure to provide the medication, but still, the medication was not forthcoming.

Plaintiff assert that he continues in pain with restricted movement, alleging that that he has essentially received no treatment at all and, though his problems persist, no diagnosis. Plaintiff names N.P. Dupree and the three nurses. He also names Wexford Health Sources, Inc., and Danville. Plaintiff requests compensatory and punitive damages as well as injunctive relief, that his problem be diagnosed and surgery be provided, if needed.

## ANALYSIS

To state a claim for deliberate indifference to a serious medical need, Plaintiff must plead sufficient facts to establish that that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Estelle v. Gamble*, 429 U.S. 97, (1976); *Farmer v. Brennan*, 511 U.S. 835, 837 (1994). Here, Plaintiff states a colorable claim against Defendants Dupree, Tina and Dana (or Donna) as well as the Jane Doe Nurse as he sufficiently pleads that they were deliberately indifferent to his

2

complaints of pain and complaints that the medication which had been ordered from him was never dispensed. *See Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016), *as amended (Aug. 25, 2016)* ("the Eighth Amendment 'safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'")

Plaintiff also alleges that Wexford had an unconstitutional policy under which a patient was required to be seen three times by nursing staff before being referred to a physician. Wexford may be liable for a constitutional injury under *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 691-92 (1978), but only if it had a policy or practice which resulted in injury to plaintiff. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Here, Plaintiff alleges that he experienced pain and restricted movement because Defendants did not provide the pain pills and muscle relaxants which had been prescribed for him. As a result, he was allegedly injured by Defendants' failures to act rather than their having acted pursuant to a Wexford policy or practice. Wexford is DISMISSED without prejudice.

Plaintiff also names Danville, which is not amenable to suit under §1983. Danville is an agency of the State of Illinois and enjoys the State's Eleventh Amendment sovereign immunity against federal court claims for money damages. *Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). Furthermore, the statutory scheme of § 1983 provides relief to one injured by a "person" operating under color of law. A state or state agency is not a "person" amenable to suit.

*Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). *See Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013)(dismissing IDOC and the East Moline Correctional Center as not persons amendable to suit under § 1983). Danville is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendant Dupree, Nurse Tina, Nurse "Dana" or "Donna" and the Jane Doe Nurse. Wexford is DISMISSED though Plaintiff will have 30 days in which to replead his claims against Wexford, should he wish. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Danville is DISMISSED with prejudice.

2. Plaintiff files [10], a letter in which he requests the recruitment of *pro bono* counsel. Plaintiff's prior request had been denied for his failure to document a good faith effort to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Notwithstanding, Plaintiff files the letter without documenting any such effort. [10] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel. Plaintiff is also advised that if he requests relief of this Court, he is to file it as a motion, not as a letter.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.       Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.       Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

  1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

  2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES, AND,

  3)   ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: \_\_\_\_11/19/2020\_\_\_\_

\_\_\_\_\_s/Michael M.Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE